IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROBERT T. ALGER                                                    PLAINTIFF

V.                                                          NO. 1:10CV244-P-S

PRENTISS COUNTY SHERIFF'S DEPARTMENT, et al.                       DEFENDANTS

<u>MEMORANDUM OPINION</u>

Presently before the court is the Prentiss County Sheriff Department's and Randy Tolar's motion to dismiss. Despite being given ample opportunity, the plaintiff has failed to respond to the motion.

**Factual Background**

The Plaintiff, an inmate, filed this civil rights action pro se pursuant to 42 U.S.C. § 1983 on October 7, 2010. On February 24, 2011, a *Spears* hearing was held where the plaintiff was given the opportunity to clarify and specifically state his claims. Following the hearing, process was issued for all of the defendants. In his complaint, the plaintiff has stated a claim for excessive force. Specifically, on August 21, 2008, sheriff deputies responded to a call at the plaintiff's house claiming he, the plaintiff, was threatening to harm himself with a knife. The deputies arrived and the plaintiff was restrained and taken to a hospital. The plaintiff was released from the hospital and returned home. An indictment was issued and on December 24, 2008, the plaintiff was arrested for assault with a deadly weapon stemming from the August 21st incident. The plaintiff claims that while incarcerated he became delusional. He suggests that the guards forced him to take medication. After the defendant Randy Tolar, the Sheriff, was contacted, the plaintiff was hospitalized.

**Respondeat Superior**

The allegations against Sheriff Tolar are that he was contacted by the plaintiff's wife, after

which Tolar had the plaintiff transported to the hospital. There is no argument that Sheriff Tolar participated in the plaintiff's arrest or incarceration. Rather, the plaintiff essentially states that Tolar is being sued for his failure to supervise.

It is well settled that the a state actor cannot be liable absent any personal involvement in the events which gave rise to the civil action. *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009) (the doctrine of respondeat superior is not cognizable in 1983 actions). The plaintiff has failed to allege that Tolar had any personal involvement or direct causal connection to his claims. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Sheriff Randy Tolar, therefore, will be dismissed.

## Proper Party

The defendants argue that the Sheriff's Department is not a proper defendant in a § 1983 civil action. Rule 17(b) of the Federal Rules of Civil Procedure governs the determination of the capacity to sue and be sued. It provides that for an entity such as the Sheriff's Department that the capacity to sue or be sued is determined by the law of the state in which the district court sits. This court, therefore, must look to the law of Mississippi to determine if the Sheriff's Department is an entity subject to suit.

In Mississippi, a sheriff's department does not enjoy a separate legal existence, apart from the county. *Brown v. Thompson*, 927 So. 2d 733 (Miss. 2006) (a sheriff's department is not a political subdivision for purposes of the Mississippi Tort Claims Act and the case against it was properly dismissed). Thus, the Sheriff's Department is entitled to immunity. *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991). *Whiting v. Tunica County Sheriff's Dept.*, 222 F. Supp. 2d 809 (N.D. Miss. 2002), overruling recognized on other grounds in *Montgomery v Mississippi*, 498 F. Supp. 2d 892 (S.D. Miss. 2007) (the sheriff's office was not amenable to suit

according to Mississippi law, because the plaintiff failed to show it enjoyed an existence separate from the county (*citing Darby v. Pasadena Police Dept.,* 939 F.2d 311, 313 (5th Cir.1991)).

The court agrees with the defendants. The Prentiss County Sheriff's Department is not a proper party to this § 1983 civil action. In the absence of any argument to the contrary, the Sheriff's Department will be dismissed.

### D. Conclusion

In sum, defendant Sheriff Randy Tolar will be dismissed for the plaintiff's failure to state a claim against him. Prentiss County Sheriff's Department will also be dismissed because it is not a proper party to this § 1983 civil action. Consequently, the motion to dismiss shall be granted.

A separate order in accordance with this opinion shall issue this day.

This the 15th day of September, 2011

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE